IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE WARNER,

        Plaintiff,                   No. CIV S-08-1144 FCD GGH P

    vs.

M. McMAHON, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee in full. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The gravamen of plaintiff's complaint is that his Eighth and Fourteenth Amendment rights were violated when prison staff subjected him to unsafe conditions on May 27, 2004, after plaintiff had informed staff that a riot would occur between white inmates and Northern Hispanic prisoners should they be released in the yard together. Plaintiff contends that the unsafe conditions led to plaintiff's being found guilty of a serious rules violation, resulting in the denial of his request for an out-of-state transfer and parole release, as well as loss of good time/work time custody credits and a 24-month security housing unit term.  Complaint, pp. 3-4.

Specifically, plaintiff alleges that on May 24, 2004, defendant Larson informed defendant McMahon, CDCR Captain at the Deuel Vocational Institute that plaintiff had told staff that there would be a riot between white and Northern Hispanic inmates should they be released on the DVI yard together. Similarly, on May 24, 2004, defendant Lieutenant Landingham was

told by defendant Correctional Officer Day, who had also been informed by plaintiff, of the danger in releasing the two groups of inmates to yard at the same time. Nevertheless, defendant McMahon ordered the release of both groups of inmates to the yard at the same time, to which defendant Landingham agreed, resulting in a riot or "staged fight" among five whites and five Northern Hispanics and resulting in injuries. Complaint, pp. 4-5. These actions subjected plaintiff to unsafe prison conditions and resulted, as noted, in his being subjected to a serious prison disciplinary conviction with the attendant negative consequences referenced above. Plaintiff seeks declaratory relief, an unspecified form of injunctive relief, and money damages.

This complaint must be dismissed for several reasons. To the extent that plaintiff seeks money damages because he alleges that he was wrongfully issued a serious rules violation report and was convicted and lost time credits, the action appears to be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

conviction or sentence has been invalidated, expunged or reversed.  Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by Heck.  To the extent is alleging a due process violation in his disciplinary hearing and for which he seeks money damages, plaintiff's claim will be dismissed with leave to amend to demonstrate the conviction has been overturned or invalidated.

To the extent that plaintiff seeks injunctive relief in the form of restoration of time credits, his claims must be dismissed and he must proceed by way of a habeas petition. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)...." Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

As to plaintiff's allegation that he was subjected to a violation of his rights under the Eighth Amendment, it is true that "'prison officials have a duty...to protect prisoners from violence at the hands of other prisoners,'" Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994), plaintiff does not allege any physical injury resulting to himself.   "[A] prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious' ...For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. at 1977.  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison officials must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id. The prison official will be liable only if "the official knows of and disregards an excessive risk to

inmate health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S.Ct. at 1979.

Plaintiff contends that defendants ordered and/or permitted the release of both white and Northern Hispanic inmates simultaneously to the yard, despite plaintiff's warnings of violence should that occur, and that violence and injuries thereafter ensued. The problem for plaintiff, however, is that he has not stated that he himself sustained any physical injury of any kind, but instead was issued a serious rules disciplinary report and convicted at a hearing. Plaintiff's allegations suggest that plaintiff was an active participant in the ensuing melee, but do not clarify that he was himself "injured" in any manner implicating the Eighth Amendment. Receiving a disciplinary report in and of itself does not constitute an Eighth Amendment injury. Plaintiff's complaint will be dismissed with leave to amend within thirty days.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

1  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
2  original complaint, each claim and the involvement of each defendant must be sufficiently
3  alleged.
4        Notwithstanding plaintiff's having paid the filing fee in full, the court will give
5  plaintiff the opportunity to make the showing pursuant to 28 U.S.C. § 1915(a) in order that,
6  should he file an amended complaint with colorable claims and make the requisite showing for in
7  forma pauperis status, the court could direct service of the summons and amended complaint by
8  the U.S. Marshal.  Failure to file the in forma pauperis application or to make the required
9  showing will result in plaintiff being responsible for service of any amended complaint, should
10 the court find plaintiff has therein made colorable claims.
11       In accordance with the above, IT IS HEREBY ORDERED that:
12       1. Plaintiff has paid the filing fee in full; however, plaintiff will be given the
13 opportunity to make the showing required by 28 U.S.C. § 1915(a), within thirty days, in order for
14 the court, should plaintiff make the requisite showing and should he file an amended complaint
15 with colorable claims, to be able to direct the U.S. Marshal to serve the amended complaint.  No
16 further filing fee will be assessed.
17       2. The Clerk of the Court is directed to send plaintiff an Application to Proceed
18 In Forma Pauperis By a Prisoner.
19       3. The complaint is dismissed for the reasons discussed above, with leave to file
20 an amended complaint within thirty days from the date of service of this order.  Failure to file an
21 amended complaint will result in a recommendation that the action be dismissed.
22 DATED: 07/22/08

      /s/ Gregory G. Hollows

      GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE

GGH:009
warn1144.b