UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WARNER, | CASE NO. C08-1144JLR |
| Plaintiff, | ORDER |
| v. | |
| M. McMAHON, et al., | |
| Defendants. | |

Plaintiff Lance Warner is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983.  This matter comes before the court on Mr. Warner's application to proceed *in forma pauperis* and on the court's independent obligation to screen complaints brought by prisoners.  For the following reasons, the court GRANTS Mr. Warner's application to proceed *in forma pauperis* (Dkt. # 12) and DISMISSES IN PART Mr. Warner's first amended complaint (Dkt. # 9) with leave to file a second amended complaint within 30 days of this order.  If Mr. Warner declines to file a second amended complaint, the court will direct service of his first amended complaint, as discussed below.

ORDER – 1

## I. ANALYSIS

**A.   Application to Proceed *In Forma Pauperis***

Mr. Warner requests leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Having reviewed Mr. Warner's application to proceed *in forma pauperis* (Dkt. # 12), the court determines that Mr. Warner has met the showing required by § 1915(a). Accordingly, the court GRANTS the application to proceed *in forma pauperis*. Mr. Warner has already paid in full the statutory filing fee of $350.00 for this action; however, because Mr. Warner has made the requisite showing, the court may direct service of the summons and complaint by the U.S. Marshal, as discussed in the court's previous order.

In accordance with the above and good cause appearing, the court ORDERS as follows:

1. Mr. Warner's application to proceed *in forma pauperis* is GRANTED;

2. The Clerk of the Court is directed to serve a copy of this order and a copy of Mr. Warner's application to proceed *in forma pauperis* on the Director of the California Department of Corrections via the court's electronic case filing system (CM/ECF); and

5. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, United States District Court, Eastern District of California, Sacramento Division.

**B.   First Amended Complaint**

ORDER – 2

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Courts must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). "Specific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the . . . claim is and

ORDER – 3

the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *id*. at 94, and construe the pleading in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).   The gravamen of Mr. Warner's first amended complaint is that his Eighth and Fourteenth Amendment rights were violated when prison staff subjected him to unsafe conditions on May 27, 2004, after Mr. Warner had informed staff members that a riot would occur between white inmates and so-called "Northern Mexican" inmates should they be released into the yard together.  Mr. Warner alleges that a riot ensued, and that during the melee he was struck repeatedly in the head and torso by other prisoners, causing him to suffer headaches for up to three days.  (Am. Compl. (Dkt. # 9) at 3.)

      *1.    Claims for Injunctive Relief Regarding Denial of Parole or Denial of a Request for Out-of-State Transfer*

To the extent Mr. Warner seeks injunctive relief connected to the denial of parole or the denial of a request for out-of-state transfer, these claims must be dismissed.  In his first amended complaint, Mr. Warner provides no discussion of the facts underlying these claims.  He nonetheless requests "Injunctive Relief preventing C.D.C.R. from using the May 27th, 2004 attack on plaintiff as a basis for denying parole and transfer out of state." (Am. Compl. at 3.)  On the face of the first amended complaint, it is not clear whether Mr. Warner has been denied parole or an out-of-state transfer or whether these are hypothetical actions that he believes may come to pass.

The court finds that the factual bases of Mr. Warner's claims for injunctive relief are so vague and conclusory that it is unable to determine whether the claims are frivolous or fail to state a claim for relief.  The court has determined that the first amended complaint does not contain a short and plain statement as required by Rule 8(a)(2) based on Mr. Warner's failure

ORDER – 4

to plead any facts connected to a denial of parole or a denial of an out-of-state transfer. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Mr. Warner must allege with at least some degree of particularity overt acts which defendants engaged in that support his claim. *Id.* Because Mr. Warner has failed to comply with the requirements of Rule 8(a)(2) with respect to his claims for injunctive relief, the court must dismiss these claims. The court will, however, grant leave to file a second amended complaint within 30 days of the filing of this order.

If Mr. Warner chooses to file a second amended complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. Also, Mr. Warner must allege in specific terms how each Defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, the court informs Mr. Warner that it cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an second amended complaint, as in an original complaint and a first amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

ORDER – 5

*2.     Claim for Monetary Relief Regarding Violation of Eighth Amendment Rights*

To the extent Mr. Warner alleges that he was subjected to a violation of his rights under the Eighth Amendment, he has corrected the deficiencies of his original complaint and made out a cognizable claim for relief. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, a plaintiff must show that prison officials were deliberately indifferent to the plaintiff's safety. *Farmer*, 511 U.S. at 834. A plaintiff must demonstrate that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837; *see Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 2002). To prove knowledge of the risk, a plaintiff may rely on circumstantial evidence, particularly if the very obviousness of the risk is sufficient to establish knowledge. *Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

In *Robinson v. Prunty*, 249 F.3d 862 (9th Cir. 2001), the Ninth Circuit held that prison officials violate a prisoner's Eighth Amendment rights where they place an African-American prisoner in an integrated exercise yard where frequent attacks have taken place, make jokes about the possibility of attacks, and fail to intervene quickly when an attack occurrs. *Robinson*, 249 F.3d at 866-67. The Ninth Circuit emphasized that "[d]eliberate indifference to the risk that an inmate will be harmed by other prisoners constitutes a violation of the Eighth Amendment." *Id.* at 866; *see also Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) ("A prisoner may state a section 1983 claim under the eighth and fourteenth

ORDER – 6

1  amendments against prison officials where the officials acted with 'deliberate indifference' to
2  the threat of serious harm or injury by another prisoner.").

3  Here, Mr. Warner alleges that prison officials acted with deliberate indifference to his
4  safety by allegedly assuring him that "Northern Mexican" inmates would not be released into
5  the yard at the same time as white inmates.  (Am. Compl. at 3-3C.)  He contends that all
6  Defendants had knowledge that the "Northern Mexican" inmates would attack white inmates
7  if released into the yard together and that there had been numerous previous incidents in
8  which white inmates were attacked by "Northern Mexican" inmates between January 2004
9  and May 2004.  (Am. Compl. at 3-3C.)  Furthermore, Mr. Warner alleges that Defendant M.
10 McMahon "committed the claimed actions with the specific intention of causing a staged
11 fight."  (Am. Compl. at 3A, ¶ 2.)

12 Mr. Warner's allegations raise claims analogous to those discussed in *Robinson*.
13 Whatever the ultimate merits of Mr. Warner's claims, it is plain that he has alleged at least an
14 arguable basis for relief under established precedent and that his claims are not obviously
15 frivolous, malicious, or legally insufficient.  Mr. Warner has also corrected the deficiencies of
16 his original complaint relating to injury by alleging that he was "struck repeatedly in the head
17 and torso causing [him] to suffer headaches for up to (3) days."  (Am. Compl. at 3.)
18 Likewise, he has corrected any deficiencies with respect to the involvement of each
19 Defendant by describing each Defendant's affirmative link or connection to the claimed
20 constitutional deprivation.  *See Rizzo v. Goode*, 423 U.S. 362 (1976).  For purposes of
21 screening the complaint, the court is also satisfied that, on the present record, Mr. Warner
22 seeks monetary relief from Defendants who are not immune from suit.  Prison officials, such
23 as Defendants, are not entitled to absolute immunity.  *See Procunier v. Navarette*, 434 U.S.
24 555, 561 (1978).

25

ORDER – 7

## II.     CONCLUSION

Having reviewed Mr. Warner's first amended complaint, the court concludes that he has alleged a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A with respect to the claims discussed in Part I.B.2 above.  If the allegations of the first amended complaint are proven, Mr. Warner has a reasonable opportunity to prevail on the merits of this action.  The court is prepared to direct service of Mr. Warner's first amended complaint.  As indicated above, however, the court grants Mr. Warner leave to file a second amended complaint with respect to the claims discussed in Part I.B.1 within 30 days of the filing of this order.  If Mr. Warner declines to file a second amended complaint, the court will enter an order initiating the process of effecting service.  Therefore, the court HEREBY ORDERS as follows:

1. Within 30 days from the date of this order, Mr. Warner shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed notice of amendment; and

    b. An original and one copy of the second amended complaint.

Mr. Warner's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

Dated this 17th day of July, 2009.

JAMES L. ROBART
United States District Judge

ORDER – 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WARNER, | CASE NO. C08-1144JLR |
| Plaintiff, | NOTICE OF AMENDMENT |
| v. | |
| M. McMAHON, et al., | |
| Defendants. | |

Plaintiff Lance Warner hereby submits the following document in compliance with the court's order filed July 17, 2009:

1. Second Amended Complaint

DATED: _____

_____
Plaintiff Lance Warner