1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

8

9

10 LANCE WARNER,                                    CASE NO. C08-1144JLR

11                         Plaintiff,              ORDER DISMISSING
                                                   CLAIMS AGAINST
12             v.                                  DEFENDANT I. LARSON
                                                   WITHOUT PREJUDICE
13 M. McMAHON, et al.,

14                         Defendants.

15        Before the court is the issue of Plaintiff Lance Warner's failure to effect service of

16 the summons and first amended complaint on Defendant I. Larson.  Having reviewed the

17 record and for the reasons that follow, the court DISMISSES Plaintiff's claims against I.

18 Larson without prejudice.

19                         I.    BACKGROUND

20        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

21 rights action pursuant to 42 U.S.C. § 1983.  By order filed on October 6, 2009, the court

22

ORDER- 1

1  directed Plaintiff to complete four USM-285 forms for purposes of serving each of the

2  four Defendants.  (Dkt. # 21.)  By order filed on November 30, 2009, the court directed

3  the United States Marshal to serve Defendants in accordance with the USM-285 forms

4  submitted by Plaintiff.  (Dkt. # 24.)  On January 27, 2010, the United States Marshal filed

5  notice that I. Larson could not be located based on the information provided by Plaintiff.

6  (Dkt. # 26.)   On March 8, 2010, the court entered a second order directing Plaintiff to

7  submit within 60 days additional information necessary for the United States Marshal to

8  identify and serve Defendants.[1]  (Dkt. # 27.)  On April 6, 2010, Defendants M.

9  McMahon, B. Landingham, and M. Day waived service and answered the first amended

10  complaint.  (Dkt. ## 30-31.)  By contrast, I. Larson did not waive service, did not answer

11  the complaint, and did not otherwise appear.  Plaintiff did not submit additional

12  information within the 60-day period specified in the court's March 8, 2010 order.

13        By order filed on May 25, 2010, the court ordered Plaintiff to show cause within

14  30 days why the court should not dismiss I. Larson from this action without prejudice.

15  (Dkt. # 33.)  In that order, the court stated that "[i]f Plaintiff does not respond to this

16  order or otherwise fails to show good cause, the court shall dismiss I. Larson from this

17  action without prejudice."  (*Id.* at 2.)  Later on the same date, Plaintiff requested an

18  extension of time to comply with the court's March 8, 2010 order.  (Dkt. # 34.)  Plaintiff

19  sought an extension of the deadline to June 21, 2010.  (*Id.*)  By order filed on June 17,

20  _____

21  [1] This order cautioned Plaintiff that "when service of a complaint is not made upon a
defendant within 120 days after the complaint was filed, the court may be required to dismiss the
22  plaintiff's claims against that defendant."  (*Id.* at 2 (citing Fed. R. Civ. P. 4(m)).)

ORDER- 2

1  2010, the court granted Plaintiff's motion for an extension of time and extended the

2  deadline to respond to the court's March 8, 2010 and May 25, 2010 orders to June 25,

3  2010.  (Dkt. # 35.)  Again, the court emphasized: "If Plaintiff does not meet this new

4  deadline, or otherwise show good cause for his failure to do so, the court shall dismiss I.

5  Larson from this action without prejudice."  (*Id*. at 2.)

6        Plaintiff did not respond to the court's orders or otherwise file any motion or

7  submission with the court by the June 25, 2010 deadline.  In recognition of the mailing

8  and litigation difficulties associated with Plaintiff's imprisonment, the court delayed

9  taking action until the present date, thereby extending the deadline in an abundance of

10  caution.  Plaintiff has still not filed any response, motion, or other submission with the

11  court.

12  ## II.   ANALYSIS

13        Federal Rule of Civil Procedure 4(m) provides:

14      If a defendant is not served within 120 days after the complaint is filed, the
    court—on motion or on its own after notice to the plaintiff—must dismiss

15      the action without prejudice against that defendant or order that service be
    made within a specified time.  But if the plaintiff shows good cause for the

16      failure, the court must extend the time for service for an appropriate period.

17  Fed. R. Civ. P. 4(m).  An incarcerated plaintiff proceeding in forma pauperis is entitled,

18  upon order of the court, to rely on the United States Marshal to effect service of the

19  summons and complaint.  28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422

20  (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

21  Further, a plaintiff "should not be penalized by having his action dismissed for failure to

22  effect service where the U.S. Marshal or the court clerk has failed to perform his duties."

1    *Walker*, 14 F.3d at 1422 (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)).

2    "So long as the prisoner has furnished the information necessary to identify the

3    defendant, the marshal's failure to effect service 'is automatically good cause'" for

4    extending the time for service. *Id*. (citing *Sellers v. United States*, 902 F.2d 598, 603 (7th

5    Cir. 1990)).

6            On this record, the court concludes that Plaintiff's claims against I. Larson must be

7    dismissed without prejudice.  On November 30, 2009, the court ordered the United States

8    Marshal to serve Plaintiff's first amended complaint based on the information provided

9    by Plaintiff.  The United States Marshal attempted to serve I. Larson, but ultimately could

10   not do so.  The court thus directed Plaintiff to provide within 60 days additional

11   information necessary for the purpose of identifying and serving I. Larson.  Plaintiff did

12   not meet this deadline.  The court extended deadline and Plaintiff did not meet the

13   extended deadline.  During this time, the 120-day period of Rule 4(m) expired and the

14   court repeatedly warned Plaintiff of the consequence of not responding to the court's

15   orders.  As of the present date, Plaintiff has not served I. Larson, has not provided the

16   additional information necessary for the United States Marshal to identify and serve I.

17   Larson, and has not requested additional time to effect service or otherwise shown good

18   cause for his delay.  In light of the foregoing, the court DISMISSES Plaintiff's claims

19   against I. Larson without prejudice.  Fed. R. Civ. P. 4(m); *Walker*, 14 F.3d at 1422.  This

20   order does not affect Plaintiff's claims against the other Defendants.

21

22

ORDER- 4

1    Dated this 22nd day of July, 2010.

2

3

4    _____
     JAMES L. ROBART
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 5